IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

APR 1 4 2008

GLENN C. CAMPBELL,

**Plaintiff**

v.

CIVIL NO.

ASSET ACCEPTANCE, LLC .
Formerly ASSET ACCEPTANCE CORP.

3:08CV224

SERVE: CT Corporation System, Registered Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060

and

TRANS UNION, LLC.

SERVE: Corporation Service Company, Registered Agent
11 S. 12th Street
Richmond, VA 23218

**Defendants**

## COMPLAINT

COMES NOW the Plaintiff, GLENN C. CAMPBELL, (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and as to Defendant, Asset Acceptance, LLC. for actual and statutory damages, costs and attorneys fees pursuant to 15 U.S.C. §1692, et seq. (Fair Debt Collection Practices Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C.

§1367. Venue is proper as all relevant events occurred in this District and Defendants operate in Virginia through statutory and/or registered agents located in this division.

## PARTIES

3. The Plaintiff, a practicing physician, is a natural person and resident of the State of Virginia. He is a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1682(a)(3).

4. Upon information and belief, TRANS UNION, LLC. ("Trans Union") is a corporation authorized to do business in the State of Virginia through its registered agent's office.

5. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, ASSET ACCEPTANCE, LLC. ("Asset Acceptance") is a foreign corporation doing business in the State of Virginia. Its primary purchase is the collection of consumer debts.

## FACTS

8. Prior to August, 2007 Plaintiff obtained a copy of his credit reports and learned that Asset Acceptance, LLC. ("Asset Acceptance") was reporting to Trans Union derogatory information within his credit file for a collection account on behalf of Pep Boys that did not belong to him. (the "Asset Acceptance Reporting").

9. Plaintiff disputed the account with Asset Acceptance directly and also to Trans Union and informed both Defendants that the Pep Boys account was a forgery and not his account or

was a mixed file problem. Defendants had the Plaintiff mixed with a different Glen Campbell.

10. The Asset Acceptance Reporting was false. The Plaintiff never signed the application for credit and was never legally responsible for the Pep Boys account.

11. Defendants each received, but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the account from the Plaintiff's credit file.

12. Defendants each had actual knowledge of this inaccuracy and deliberately chose to ignore and permit same.

13. Plaintiff also disputed to Trans Union in these same communications additional account information that also had been wrongfully attributed to him and mixed into his credit reports.

14. After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, Trans Union prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory collection account of Asset Acceptance and other disputed information.

15. Trans Union received Plaintiff's multiple disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, it merely "parroted" the information dictated to it by Asset Acceptance and its other subscribers.

16. Upon information and belief, Plaintiff alleges that on one or more occasions Trans Union forwarded Plaintiff's disputes to Asset Acceptance. Upon information and belief, Asset Acceptance was provided notice of Plaintiff's disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681s-2(b)(1)(A) (ASSET ACCEPTANCE)

17.  Plaintiff realleges and incorporates paragraph 1 through 18 above as if fully set out here.

19.  Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's dispute of the Asset Acceptance representation.

20.  As a result of this conduct, action and inaction of Asset Acceptance, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

21.  Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

22.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681s-2(b)(1)(B) (ASSET ACCEPTANCE)

23.  Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

25. As a result of this conduct, action and inaction of Asset Acceptance the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

26. Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15U.S.C. 1681s-2(b)(1)(C)and(D) (ASSET ACCEPTANCE)

28. Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set out herein.

29. Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing the Asset Acceptance representation within Plaintiff's credit file with Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

30. As a result of this conduct, action and inaction of Asset Acceptance the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

31. Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

32. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1682c

### (Asset Acceptance)

33. Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

34. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1682c by its actions which include, but are not limited to: contacting the plaintiff after the defendant received notice from the plaintiff that he disputed the debt and that he wished the defendant to cease communication with him.

35. As a result of these violations, plaintiff has experienced emotional distress, anxiety, embarrassment, loss of concentration, lost attorney's fees, and other economic and non-economic damages.

## COUNT FIVE:  FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692f

### (Asset Acceptance)

36.  Plaintiff realleges and incorporates paragraphs 1 through 35 above as if fully set out herein.

37.  The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1682f by its actions which include, but are not limited to:  attempting to collect amounts from the plaintiff which were not properly due and owing.

38.  As a result of these violations, plaintiff has experienced emotional distress, anxiety, embarrassment, loss of concentration, lost attorney's fees, and other economic and non-economic damages.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681e(b) (Trans Union)

39.  The Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40.  Defendant, Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

41.  As a result of the conduct, actions and inactions of Trans Union the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

42.  Defendant Trans Union's conduct, actions and inactions were willful, rendering Defendant Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendant Trans Union was negligent entitling

the Plaintiff to recover under 15 U.S.C. §1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT

## §15 U.S.C. 1681i(a)(1) (Trans Union)

44. Plaintiff realleges and incorporates paragraphs 1 through 43 above as if fully set out herein.

45. Defendant, Trans Union violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

46. As a of the conduct, actions and inactions of Defendant, Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

47. Defendant, Trans Union's conduct, actions and inactions were willful, rendering Defendant Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant, Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant, Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681i(a)(2) (Trans Union)

49. Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set out herein.

50. Defendant, Trans Union violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide notification of the Plaintiff's dispute to Asset Acceptance and by failing to include all relevant information regarding the Plaintiff's dispute.

51. As a of the conduct, actions and inactions of Defendant, Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

52. Defendant, Trans Union's conduct, actions and inactions were willful, rendering Defendant, Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

53. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681i(a)(4) (Trans Union)

54. Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55. Defendant Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

56. As a of the conduct, actions and inactions of Defendant, Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

57. Defendant, Trans Union's conduct, actions and inactions were willful, rendering Defendant, Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant, Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant, Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TEN: VIOLATION OF FAIR CREDIT REPORTING ACT

### §15 U.S.C. 1681i(a)(5)(A) (Trans Union)

59. Plaintiff realleges and incorporates paragraphs 1 through 58 above as if fully set out herein.

60. Defendant, Trans Union violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

61. As a of the conduct, actions and inactions of Defendant Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

62. Defendant Trans Union's conduct, actions and inactions were willful, rendering Defendant, Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant, Trans Union was negligent entitling

the Plaintiff to recover under 15 U.S.C. §1681o.

63.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT ELEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT

## §15 U.S.C. 1681i(a)(5)(c) (Trans Union)

64.  Plaintiff realleges and incorporates paragraphs 1 through 63 above as if fully set out herein.

65.  Defendant, Trans Union violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit file.

66.  As a of the conduct, actions and inactions of Defendant Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

67.  Defendant, Trans Union's conduct, actions and inactions were willful, rendering Defendant Trans Union each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendant Trans Union was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

68.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-

judgment and post-judgment interest at the legal rate, and such other relief the Court does deem

just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

GLENN C. CAMPBELL,

By _____
                    Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
        *Counsel for Plaintiff*